UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSALIA G. ADELSFLUGEL, ET AL.

VERSUS

CONSOLIDATED ALUMINUM CORPORATION, ET AL.

CIVIL ACTION

NO. 13-811-JJB-RLB

## RULING

Before the court is the plaintiffs' Motion for Abstention and/or Remand. (R. Doc. 3). Based on the applicable law and analysis which follows, the plaintiffs' Motion is **GRANTED**.

## I. PROCEDURAL HISTORY

This wrongful death action was filed in the 19th Judicial District Court of East Baton Rouge, Louisiana on February 7, 2011. (R. Doc. 1-2). The plaintiffs allege under state law tort that the death of Albert B. Adelsflugel resulted from his exposure to asbestos products. The plaintiffs named as defendants Consolidated Aluminum Corporation ("Conalco") as well as six other entities: Anco Insulation, Inc.; Eagle Inc.; Employer's Insurance of Wausau; Fireman's Fund Insurance Company; the McCarty Corporation; and Reilly-Benton Co., Inc. (collectively, the "non-debtor defendants").

On December 15, 2013, Conalco filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court").[1] On December 18, 2013, Conalco removed this action pursuant to 28 U.S.C. § 1452 and 1334(b), alleging that the court has "related to" jurisdiction. (R. Doc. 1).[2] On December 24, 2013, Conalco filed a motion in the

---

[1] *See In re Consolidated Aluminum Corporation*, No. 13-37149-NLW (N.J. Bankr. Ct. Dec. 15, 2013).
[2] On December 19, 2013, Conalco filed an Amended Notice of Removal. (R. Doc. 2).

United States District Court for the District of New Jersey ("District of New Jersey") seeking to transfer this action to that court pursuant to 28 U.S.C. § 157(b)(5).[3]

The Plaintiffs filed the instant motion on January 6, 2014. (R. Doc. 3). Neither Conalco nor the non-debtor defendants filed an Opposition. On January 14, 2014, however, Conalco filed a letter-brief requesting this court to refrain from deciding plaintiff's motion to remand until the District of New Jersey decided the motion to transfer venue pending before that court. (R. Doc. 4).

On August 5, 2014, Conalco informed this court that the Bankruptcy Court entered an order adopting Conalco's bankruptcy plan. (R. Doc. 5).

On August 15, 2014, the plaintiff and Conalco filed a joint motion to dismiss Conalco from the action. (R. Doc. 6). The court granted the joint motion to dismiss on August 18, 2014. (R. Doc. 7).

II. LAW AND ANALYSIS

A. Subject Matter Jurisdiction and Mandatory Abstention

The bankruptcy jurisdiction statute provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The plaintiffs' claims do not arise under federal bankruptcy law and, therefore, do not constitute a "core" proceeding. *See In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). At most, the those claims are "related to" the bankruptcy proceeding and constitute a non-core proceeding. *Id.* at 93. The plaintiffs argue that the court only has "related to" jurisdiction over their claims against Conalco, not against the non-debtor defendants.

---

[3] *See In re Consolidated Aluminum Corporation*, No. 13-7810-SDW (N.J D.C. Dec. 24, 2013).

Congress has not specifically defined what constitutes "related to" jurisdiction and, therefore, a non-core proceeding.[4] In broadly defining bankruptcy jurisdiction under Section 1334, the Fifth Circuit has held that a proceeding is non-core where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added by Fifth Circuit)); *see also In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) ("For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate.").

Here, the court need not decide whether it should remand plaintiffs' claims against the non-debtor defendants on the basis that it lacks subject matter jurisdiction or whether the mandatory abstention doctrine applies in this action to the non-debtor defendants.[5] Even if the court has subject matter over the plaintiffs' claims against the non-debtor defendants, the permissive abstention doctrine and equitable remand apply and support remand of this action.

### B. Equitable Remand and Permissive Abstention

A federal district court may remand an action removed under 28 U.S.C. § 1452 "on any equitable ground." 28 U.S.C. § 1452(b). Similarly, a district court may permissively abstain from hearing a proceeding "related to" a bankruptcy "in the interest of justice, or in the interest

---

[4] In contrast, Congress has provided a non-exhaustive list of "core" proceedings in bankruptcy. *See* 28 U.S.C. § 157(b)(2).

[5] Under Section 1334(c)(2) "courts must abstain from hearing a state law claim if the following requirements are met: (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re Rupp & Bowman Co. v. Schuster*, 109 F.3d 237, 239 (5th Cir. 1997). There is a statutory exception to application of the mandatory abstention doctrine, however, in non-core proceedings that involve "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B); *see* 28 U.S.C. § 157(b)(4). The statute does not specify whether the exception applies to non-debtor defendants or whether that application is affected when the debtor defendant has been dismissed.

3

of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Courts have equated the factors for equitable remand and permissive abstention. *See, e.g., Nase v. TECO Energy, Inc.*, No. 09-7659, 2010 WL 924290, at *4 (E.D. La. Mar. 9, 2010) ("The Court finds that equitable remand and permissive abstention are appropriate in this case pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b)."); *Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 488-89 (E.D. La. 2004) ("The factors that a district court considers to determine whether it should permissively abstain also support equitable remand under 28 U.S.C. § 1452."); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D. La. 1990) ("[T]he considerations underlying discretionary abstention and remand are the same.").

The considerations for permissive abstention and equitable remand include the following: "(1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result." *See Terral v. SCH Mgmt. Solutions, Inc.*, No. 04-1545, 2004 WL 2115486, at *3 (E.D. La. Sept. 21, 2004) (citing *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984)); *see also Nase*, 2010 WL 924290, at *4 (identifying factors as "(1) forum *non conveniens;* (2) a preference for a bifurcated action to be tried in the same court; (3) whether the state court is better able to respond to questions involving state law; (4) expertise of the court; (5) duplicative and uneconomic effort of judicial resources; (6) prejudice to the involuntarily removed parties; (7) comity; (8) a lessened possibility of an inconsistent result; (9) the presence in the proceeding of nondebtor parties; (10) the absence of any basis for jurisdiction other than section 1334; (11) the

predominance of state law issues; (12) the degree of relatedness of the proceeding to the bankruptcy case; and (13) the likelihood of forum shopping.").

Based upon the foregoing factors, the court finds remand of this action appropriate. The court acknowledges that some of the factors are neutral or are in favor of denying remand. For example, this case does not involve complex issues of state law, and a federal district court has the expertise to address the issues raised in the proceeding.

Considering the procedural history of this action, however, the factors as a whole weigh in favor of remand. The plaintiffs brought this action in state court and it was removed by the debtor Conalco on the basis that it was "related to" Conalco's bankruptcy action in New Jersey. Conalco's bankruptcy action has been resolved and Conalco has been dismissed as a defendant in this action. The plaintiffs' claims against the remaining non-debtor defendants are based entirely on state law. There is no allegation that this court has any other basis for subject matter jurisdiction other than "related to" jurisdiction. Accordingly, the court will place great weight on the plaintiff's choice of forum, comity consideration, the prejudice to be caused to plaintiffs and non-debtor defendants (which have not filed any opposition to remand) in having to litigate this action in federal court, and the heightened potential for inconsistent results with Louisiana state court decisions involving asbestos wrongful death actions.

Furthermore, although the court has not decided whether the mandatory abstention applies, it may consider the factors for mandatory abstention in deciding whether to apply the permissive abstention doctrine or equitable remand. *See KSJ Development Co. of Louisiana v. Lambert*, 223 B.R. 677, 679 (E.D. La. 1998). The factors supporting mandatory abstention are as follows: (1) there is no independent basis for federal jurisdiction other than the bankruptcy jurisdiction statute; (2) the action is a non-core proceeding; (3) an action has been commenced in

5

state court; and (4) the action can be adjudicated timely in state court. *See In re Rupp & Bowman Co. v. Schuster*, 109 F.3d 237, 239 (5th Cir. 1997). All of these factors apply and support remand under the permissive abstention doctrine and equitable remand.

In sum, this lawsuit, which had been litigated in state court for over two years prior to removal, involves predominately state law issues and should be remanded based on the factors discussed above. *See Estate of Smith v. Columbia Prop. Grp., Inc.*, No. 08-cv-92, 2008 WL 4373010 (N.D. Miss. Sept. 22, 2008) ("Given that this case has already been litigated for almost four years in state court, the state-law issues completely dominate over the bankruptcy issues of one of the defendants, the subject lawsuit is a non-core proceeding, the lawsuit entirely arises under state law, and only one defendant among several others has a pending Chapter 11 bankruptcy petition, the court concludes that it will abstain from exercising its bankruptcy jurisdiction in the interests of justice, comity with Mississippi courts, and respect for Mississippi law.").

### III. CONCLUSION

Based on the foregoing, the court concludes that remand is appropriate under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).

**IT IS ORDERED** that the Plaintiff's Motion to Remand is **GRANTED** and this matter is **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 19, 2014.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT JUDGE